By the Court, Cowen, J.
No doubt a prohibition to enter on the premisés, comprehended the house; but none was necessary. The outer door was shut. That was itself a prohibition.
There was no evidence of a previous levy. The remark of the judge, therefore, in the course of giving his opinion on the motion for a nonsuit, that even a previous levy on goods in the house would not entitle the sheriff to break the outer door, was but giving a wrong reason for a cor *338 rect decision. The true reason was, that he had made no levy.
There was nothing to submit to the jury on the question of excess.
But the point is made, that merely lifting the latch and thus opening the outer door, is not such a forcible breaking as the law forbids to a sheriff who holds civil process; and that the act must come up to a positive breaking, or, at least, the removal of some extraordinary fastening. The rule is clearly otherwise. It is enough that the outer door be shut. Then, merely opening it is a breaking, within the meaning of the law; and so all the books treat the matter. What would be a breaking of the outer door in burglary, is equally a breaking by the sheriff. These views may be collected from the following cases: Penton v. Brown, (1 Keb. 698;) Seyman v. Gresham, (Cro. Eliz. 908;) Biscop v. White, (id. 759;) Ratcliffe v. Burton, (3 Bos. & Pull. 223;) Lee v. Gausell, (Cowp. 1, 5;) Haggerty v. Wilber, (16 John. 288;) Buckenham v. Francis, (11 Moore, 40.) In this last case, a plea that the defendant peaceably and quietly entered the plaintiff’s dwelling house, to execute a fi. fa. against his goods, was held bad, because it did not allege that the outer door was open. (Vid. also Bradby on Distr. 136.) Lifting a latch is, in law, just as much a breaking, as the forcing of a door bolted with iron. The ordinary fastening is enough. Even sliding down a window fastened with pulleys, is such a breaking as would formerly cost a burglar his life; (2 Russ, on Crimes, 5, Am. ed. of 1836;) and a sheriff entering a house in that way to execute civil process, would be a trespasser.
But it is said, Schuyler Hubbard was not within. The outer door being shut, is equally a protection, whether the owner or possessor be within at the time or not. It is a general and unqualified protection against an officer having civil process, for the man, his family and goods. (Lemayne’s case, 5 Co. Rep. 93, 5th resolution.) And this includes every guest who is at the house, and also his *339 goods, unless he has flown to the house, or carried his goods there, in order to avoid the process. In the latter case, the sheriff may break the door; but not even then, till after a demand of leave to enter, and a refusal. (Id. Lee v. Gausell, Cowp. 6.) The defendant was a mere guest; yet he was there on a visit to his brother’s house, and might on this ground, even without his brother’s request, interpose and prevent the sheriff from violating the house in any way. Pro hac vice, it was his own house.
New trial denied.(a)

 See The People v. Hubbard, (24 Wendell, 369.)